PER CURIAM.
The appellee R. A. Stephens, the plaintiff below, sued the appellant in equity seeking cancellation of an alleged loan obligation as a usurious transaction, for accounting and return of amounts paid, to enjoin sale of collateral and for return of the collateral.
It was alleged that plaintiff borrowed $3,000 from the defendant for a period of a month and a half agreeing to pay $600 in interest, and that he assigned to the defendant as collateral a mortgage of $6,800 on certain real estate. The defendant answered denying the transaction was a loan, and averring it was a sale to him of the $6,800 mortgage for $3,000. The cause was tried before the chancellor, who found as follows:
“a. Defendant loaned $3,000.00 to plaintiff on October 2, 1961. To secure payment of said loan, plaintiff assigned to defendant, as collateral, a promissory note on which a balance in the sum of approximately $6,800.00 was owing at the time of the making of said loan and a second mortgage, securing payment of said note, recorded in Official Records Book 668, at page 224, of the Public Records of Dade County, Florida, encumbering:
“Lot 13, Block 3, of Northern Boulevard Tract, according to the Plat thereof, as recorded in Plat Book 2, at page 29, of the Public Records of Dade County, Florida, together with improvements thereon and furniture and fixtures therein.
“b. At the time of the assignment of said note and mortgage to defendant as collateral, the defendant simultaneously signed and delivered to plaintiff a letter, stating that he would re-assign said mortgage to plaintiff ‘upon payment of $3,600.00 by November IS, 1961.’ The difference between the amount of the loan and the amount to be repaid, to wit $600.00, represented *14 interest which defendant demanded on the $3,000.00 loan from October 2, 1961 to November IS, 1961, which amounts to a charge of 165.9% per annum on the amount of said loan.
“c. Defendant has collected and retained the monthly payments on said mortgage in the amount of $85.00 per month which the mortgagee has paid to the defendant beginning with the monthly payment which became due on December 13, 1961, or a total of $850.00, including the payment which became due on September 13, 1962.
“d. By wilfully and knowingly charging the plaintiff the interest described above, the defendant wilfully and knowingly charged the plaintiff a sum of money greater than the amount loaned and an additional sum of money exceeding 25'% per annum on the principal sum loaned, in violation of Section 687.07, Florida Statutes Annotated.”
Based on the foregoing findings the chancellor decreed in favor of the plaintiff, as follows:
“It is therefore Ordered, Adjudged and Decreed:
“1. That defendant forfeit the $3,000.00 which he loaned to plaintiff on October 2, 1961.
“2. That the defendant forfeit the $600.00 interest which defendant demanded for the use of said loan from October 2, 1961 to November 15, 1961.
“3. That plaintiff is entitled to recover from defendant the monthly payments he has collected on said mortgage, amounting to $850.00.
“4. That the plaintiff do have and recover from the defendant said sum of $850.00, plus taxable costs incurred by plaintiff in this suit, said costs to be taxed by the clerk of the court.
“5. That plaintiff is the beneficial owner of the note and mortgage described above.
“6. That defendant be, and he is hereby, required to reassign and deliver said note and mortgage to the plaintiff no later than September 27, 1962.”
This appeal by the defendant presents the contention that the chancellor was clearly wrong in finding there was a loan or any obligation of the defendant to pay money to the plaintiff. The contention lacks merit. The record amply supports the finding of the able chancellor that the transaction was a loan and was usurious. The plaintiff so testified, and the documents and circumstances by their consistency furnished corroboration. Nothing would be gained by detailing the evidence.
No reversible error having been shown, the decree appealed from is affirmed.
Affirmed.